IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM STIMAC,

                                                        OPINION and ORDER

                    Plaintiff,

                                                   17-cv-653-bbc

         v.

SARAH FELTES, JILL SCHNEIDERVIN,
JULIE DAHM, L. BARTOW, CHRIS KRUEGER,
EMILY DAVIDSON, CINDY O'DONNELL,
MS. KUSSMANN, MS. SCHUELER, STEPHANIE NALLY,
DEBORAH RYCHLOWSKI, WINN COLLINS,
CATHY JESS, JON E. LITSCHER and OTHER UNNAMED
DEFENDANTS,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff William Stimac is incarcerated at the Fox Lake Correctional

Institution. He filed this proposed civil action under 42 U.S.C. § 1983, contending that

several employees of the Wisconsin Department of Corrections erred in calculating his

eligibility for sentence adjustment and positive adjustment time. His complaint is before the

court for screening under 28 U.S.C. § 1915A. Because his complaint fails to state any

federal claim upon which relief may be granted, I am dismissing it.


OPINION

According to the allegations in plaintiff's complaint, plaintiff became eligible for

positive adjustment time under Wisconsin Stat. § 973.198 in May 2017. He filed a petition

in the state circuit court for positive adjustment time, and the circuit court sought

verification from the Department of Corrections regarding plaintiff's eligibility for the time.

Defendant Sarah Feltes, the records supervisor at Fox Lake Correctional Institution,

completed the necessary form and submitted it to the court. According to plaintiff, Feltes

incorrectly stated on the form that plaintiff had served only 190 days on the relevant

conviction since October 2009, but he had actually been confined for 1416 days. As a result

of Feltes's error, the state court denied plaintiff's motion for positive adjustment time as

premature. Plaintiff filed numerous letters and grievances, but neither Feltes nor any other

Corrections official agreed with plaintiff's interpretation of the relevant law.

Although plaintiff contends that defendants' error violated his constitutional rights,

his allegations do not implicate any constitutional right. Instead, he seems to be arguing that

defendants made an error of state law by miscalculating the time he has been confined and

submitting an inaccurate form to a state court. Such allegations of state law violations

should be raised in state court, not federal court.

A review of Wisconsin's online court records shows that plaintiff did submit multiple

letters to the state circuit court regarding his request for positive adjustment time, but that

the judge decided ultimately not to change his order denying plaintiff's request for the time.

State of Wisconsin v. Stimac, Shawano County case no. 2010CF201. To the extent plaintiff

believes the circuit court erred, he must raise that issue in the Wisconsin Court of Appeals,

not in this court. E.g., State v. Austin, 2017 WL 1364108, 2015AP2164 (Wis. Ct. App.

Apr. 12, 2017) (considering appeal from circuit court's denial of positive adjustment time).

Finally, even if plaintiff had stated a federal claim based on his allegations that defendants' errors have lengthened his term of incarceration, the proper procedure for challenging a decision affecting the length or fact of a prisoner's custody is a petition for habeas corpus under 28 U.S.C. § 2254. The Supreme Court has held that a plaintiff convicted or sentenced for an offense cannot bring an action under § 1983 when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [unless] the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphry, 512 U.S. 477, 487 (1994). This bar applies "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Therefore, plaintiff may not challenge errors in calculating his eligibility for positive adjustment time under § 1983.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Williams Stimac's failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance

with 28 U.S.C. § 1915(g).  The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 29th day of November, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge